UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SHANE CAMPBELL GALLERY, INC.,
et al.

    Plaintiffs,

        -v-

FRIEZE EVENTS, INC.,

    Defendant.
------------------------------------x

18-cv-5134(JSR)

OPINION AND ORDER

JED S. RAKOFF, U.S.D.J.

Defendant Frieze Events, Inc. moves under Fed. R. Civ. P. 12(b)(6) to dismiss plaintiffs' complaint. For the reasons that follow, the motion is granted. Specifically, plaintiff Shane Campbell Gallery, Inc.'s breach of contract claim is dismissed without prejudice to repleading within one week. Shane Campbell Gallery's unjust enrichment claim is dismissed with prejudice. Both claims asserted by plaintiff Julie Campbell (hereinafter "co-plaintiff") are dismissed with prejudice.

With respect to the single claim dismissed without prejudice, the case management plan adopted at the February 25 in-court conference is amended as follows: plaintiff may replead in an amended complaint attempting to cure the deficiencies discussed in this opinion by no later than March 5, 2020. The first two discovery deadlines in the case management plan are extended from March 4 to March 11, but all other dates and

1

deadlines remain unchanged. However, if, upon receipt of any amended complaint, defendant wishes to renew its motion to dismiss, counsel for the parties should jointly call Chambers by no later than 5 p.m. on March 6 to set a briefing schedule on any such motion.

## I. Shane Campbell Gallery's Breach of Contract Claim

The instant dispute arises out of defendant's alleged failure to provide adequate air conditioning at the 2018 Frieze Art Fair. For the purposes of evaluating the sufficiency of plaintiff's pleading, the Court accepts the factual allegations in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant Frieze Events, Inc. organizes the Frieze Art Fair, an event which takes place in New York City each May. First Am. Compl., ECF No. 6 (hereinafter "Compl."), ¶ 11. The Fair, which advertises itself as an opportunity for galleries to showcase and sell artwork to collectors and other attendees, sells booth space to various art galleries. See Id. ¶¶ 13, 17. Plaintiff Shane Campbell Gallery purchased a booth at the Frieze Art Fair each year from 2012 to 2018. Id. ¶¶ 12, 15-16.

The first two days of the 2018 Fair, which was held on Randall's Island, were very hot, with highs in the 90s. Id. ¶ 20. Because of the heatwave, the temperature inside the tent where plaintiff's booth was located became so high that

2

attendees "were unable to bear the heat." Compl. ¶¶ 22, 24. (The Court takes judicial notice of the fact that the temperatures on May 2 and 3, 2018 broke daily record highs, but that even hotter days had previously occurred at least once in each month from April through October. See Central Park, NY Historical Data: Monthly Almanacs, www.weather.gov/okx/CentralParkHistorical.)

Plaintiff's contract with Frieze obligated the defendant to "use commercially reasonable efforts to provide common area . . . air conditioning," Contract, Ex. A to Compl., ¶ 18, and indeed there were air conditioning vents located along the ceiling of the tent. Compl. ¶ 14. Nevertheless, plaintiff alleges that this air conditioning system was so ineffective as to constitute breach by defendant of its obligation to use commercially reasonable efforts to provide air conditioning. Plaintiff accordingly seeks rescission of the contract. Compl., Prayer for Relief ¶ C.

Even drawing all reasonable inferences in plaintiff's favor, these allegations are insufficient to support a breach of contract claim. The relevant contractual provision is paragraph 18, which provides in relevant part:

> **18. Electrical Services**: Frieze will use commercially reasonable efforts to provide common area lighting, heating and air conditioning, but shall not be liable for any loss or damage due to failure or interruption of any service.

3

But other than the wholly conclusory statements in paragraphs 21 and 27 — which the Court must disregard, see Iqbal, 556 U.S. at 678 — the complaint alleges no facts suggesting that defendant breached its obligation to use commercially reasonable efforts to provide air conditioning.

The mere facts that it was exceedingly hot inside the tent despite the presence of air conditioning vents, and that the air conditioning system differed from that of previous years, Compl. ¶ 14, do not imply as much. The standard for satisfying commercial reasonability under New York law is a fairly lenient one; as another court in this District has explained, it "requires at the very least some conscious exertion to accomplish the agreed goal . . . ." Holland Loader Co., LLC v. FLSmidth A/S, 313 F. Supp. 3d 447, 473 (S.D.N.Y. 2018). And there are any number of reasons why the air conditioning system might have failed to cool the tent even if defendant had acted in a commercially reasonable manner.

Moreover, "[a] court's evaluation of a party's compliance with a 'commercially reasonable efforts' requirement does not involve a hindsight comparison of the party's actual conduct to that which could have been undertaken to produce a better result; a court should evaluate only whether the party's actual conduct was sufficient." Id. at 472-73. But the complaint alleges no facts that would allow the Court to evaluate

4

defendant's "actual conduct." The complaint does not offer any information about what would have constituted a commercially-reasonable air conditioning system under the circumstances, nor does it allege that defendant's conduct fell short of this objective standard in any particular ways. Without any such information, plaintiff cannot "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff Shane Campbell Gallery's breach of contract claim is therefore dismissed, though with leave to replead in an amended complaint. In general, a court should grant leave to replead unless doing so would be futile. See Fed. R. Civ. P. 15(a)(2); Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87-88 (2d Cir. 2002). Here, plaintiff's counsel proffered at oral argument that, after consulting an expert, counsel could plead specific ways in which defendant's conduct fell short of a commercial reasonability standard.

Further, defendant's attempts to read the contract to preclude liability under any circumstance are unavailing. As a matter of law, the contract provides that defendant is liable to plaintiff if defendant failed to use commercially reasonable efforts to provide air conditioning.

The second clause of paragraph 18 is not to the contrary. Defendant reads this language — which provides that Frieze

5

"shall not be liable for any loss or damage due to failure or interruption of [air conditioning] service" — to mean that Frieze has no liability whatsoever for the alleged lack of air conditioning. Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 33 (hereinafter "Mem."), at 12. But such a broad reading would render the first portion of paragraph 18 a nullity, in violation of basic principles of contract interpretation. Greater N.Y. Mut. Ins. Co. v. Mut. Marine Office, Inc., 3 A.D.3d 44, 50 (N.Y. App. Div. 2003). The better reading of this clause, as plaintiff argues, is that it only shields Frieze from liability for losses resulting from a sudden or unexpected failure of the air conditioning system, such as from a power outage. Mem. of Law in Oppo. to Mot. to Dismiss, ECF No. 36 (hereinafter "Oppo."), at 15.

For similar reasons, an amended complaint would survive despite paragraph 13, which releases Frieze from liability for losses arising from "rain, wind or other weather conditions." To be sure, the language of paragraph 13 is very broad, and read literally, it might bar plaintiff's cause of action for losses resulting from the temperature in the tent. But again, such a reading would eviscerate defendant's obligation under paragraph 18 to use commercially reasonable efforts to provide air conditioning. In order to give effect to both provisions, see id., the Court reads the term "weather conditions" — as the

6

examples of rain and wind suggest — to refer to conditions outside the exhibition tent, but not inside it. Accordingly, Frieze would not be liable for lost profits resulting from a general reduction in Fair attendance due to the heat wave.[1] But Frieze would potentially be liable in a scenario where collectors attended the Fair but were unable to transact business because of the temperature inside the tent.[2]

Finally, the Court holds that plaintiff's allegation of damages in the First Amended Complaint is sufficient to survive a motion to dismiss. Even though plaintiff primarily seeks rescission of the contract, an "extraordinary remedy" that is generally unavailable under New York law, Krumme v. WestPoint Stevens Inc., 238 F.3d 133, 143 (2d Cir. 2000), the complaint also alleges lost profit or "benefit of the bargain" damages, Compl. ¶ 51, the remedy that would ordinarily be applicable here. These damages "need not be determined with mathematical precision, but they must be capable of measurement based upon known reliable factors without undue speculation." Holland

---

[1] Plaintiff's preferred reading of paragraph 13, that it only eliminates liability for losses resulting from damage to artworks, is expressly contradicted by this paragraph's reference to "any injury, death, damage (including damage or loss to any artwork) or direct, indirect or consequential loss."

[2] Because paragraph 13 does not preclude such liability, plaintiff need not allege gross negligence or willful misconduct on Frieze's part.

7

Loader, 313 F. Supp. 3d at 480-81 (internal quotation marks omitted). At this stage, an allegation of lost profits is sufficient; whether any particular measure of lost profits, such as the difference between gross sales at the 2017 Fair and the 2018 Fair, is sufficiently reliable presents an issue of fact to be determined over the course of this litigation.

**II. Shane Campbell Gallery's Unjust Enrichment Claim**

Defendant also moves to dismiss plaintiff Shane Campbell Gallery's cause of action for unjust enrichment. Mem. at 18-20. It is well-settled under New York law that "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." Corsello v. Verizon N.Y., Inc., 967 N.E.2d 1177, 1185 (N.Y. 2012). Here, the entire subject matter of the parties' dispute is governed by a valid and enforceable contract. Plaintiff therefore cannot advance an unjust enrichment claim. Shane Campbell Gallery responds that it is advancing this claim as an alternative ground for relief if its breach claim fails, Oppo. at 18-20, but this is unpersuasive. There is no dispute in this case that the contract between the parties is valid and enforceable; the only question is whether defendant breached it. Plaintiff's unjust enrichment claim therefore fails as a matter of law, and the Court dismisses it with prejudice.

**III. Julie Campbell's Claims**

Finally, defendant moves to dismiss all claims with respect to co-plaintiff Julie Campbell because she is not a party to the contract between Shane Campbell Gallery, Inc. and Frieze Events, Inc. Mem. at 18. Campbell, a co-owner of plaintiff Shane Campbell Gallery, Inc., Compl. ¶ 9, responds that she may sue because she is a third-party beneficiary of the contract. Oppo. at 16-18.

"A non-party may sue for breach of contract only if it is an intended, and not a mere incidental, beneficiary . . . , [and] the parties' intent to benefit the third party must be apparent from the face of the contract." LaSalle Nat'l Bank v. Ernst & Young, 285 A.D.2d 101, 108 (N.Y. App. Div. 2001) (citations omitted). Generally speaking, "[a]bsent clear contractual language evincing such intent, New York courts have demonstrated a reluctance to interpret circumstances to construe such an intent." Id. at 108-09. Here, the language of the contract manifests no such intent. Paragraph 1 of the contract states that it is between "Frieze and Exhibitor," meaning Shane Campbell Gallery. No language expresses intent to benefit any other parties, and the mere fact that Julie Campbell is a co-owner of the gallery is insufficient for the Court to imply such an intent. Her claims are accordingly dismissed with prejudice.

SO ORDERED

Dated:   New York, NY
         February 27, 2020

_____
JED S. RAKOFF, U.S.D.J.