UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

SHANE CAMPBELL GALLERY, INC., on behalf of itself and all others similarly situated,

        Plaintiff,

v.

FRIEZE EVENTS, INC.,

        Defendant.

Civil Action No. 18-cv-5134

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ................................. 3

III. ARGUMENT ....................................................................................................................... 5

    A. Standard of Review .................................................................................................. 6

    B. The SAC Fails to Allege "What Would Have Constituted a Commercially-Reasonable Air Conditioning System Under the Circumstances" .......................... 6

    C. The SAC Fails to Allege How Frieze's Actual "Conduct Fell Short of This Objective Standard in Any Particular Ways" ....................................................... 10

IV. CONCLUSION ................................................................................................................. 13

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AllGood Entmt., Inc. v. Dileo Entmt. and Touring, Inc.*,
   726 F. Supp. 2d 307 (S.D.N.Y. 2010) ................................................................................... 11

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................... 6, 10, 11

*ATSI Commc'ns, Inc. v. Shaar Fund Ltd.*,
   493 F.3d 87 (2d Cir. 2007) ........................................................................................................ 6

*Atuahene v. City of Hartford*,
   10 F. App'x 33 (2d Cir. 2001) ................................................................................................. 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................... 5, 6, 10

*Furman v. Wells Fargo Home Mortg. Inc.*,
   26 Misc. 3d 1241(A), 907 N.Y.S.2d 437 (Sup. Ct. 2010) ......................................................... 7

*Holland Loader Co., LLC v. FLSmidth A/S*,
   313 F. Supp. 3d 447 (S.D.N.Y. 2018) .......................................................................... 2, 6, 7, 9

*JFK Holding Co. LLC v. City of New York*,
   21 N.Y.3d 722, 999 N.E.2d 1161 (2013) .................................................................................. 7

*Ortiz v. Allergan, Inc.*,
   No. 14 Civ. 8188 (PAC), 2015 WL 5178402 (S.D.N.Y. Sept. 4, 2015) ........................ 2, 5, 10

*Whyte v. Contemporary Guidance Servs., Inc.*,
   No. 03 CV 5544, 2004 WL 14975560 (S.D.N.Y. July 2, 2004) ............................................. 11

**Statutes**

N.Y., Code §28-111.2 ..................................................................................................................... 9

N.Y., Code § 1201.1 ....................................................................................................................... 8

N.Y., Code § 1204.2 ....................................................................................................................... 9

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) ..................................................................................................................... 6

Fed. R. Civ. P. 12(b)(6) ............................................................................................................... 1, 6

Defendant Frieze Events, Inc. ("Defendant" or "Frieze"), through the undersigned counsel, respectfully submits this memorandum of law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the Second Amended Class Action Complaint ("Second Amended Complaint" or "SAC") of Plaintiff Shane Campbell Gallery, Inc. ("Plaintiff").

## I.  INTRODUCTION

When the Court dismissed the First Amended Complaint ("FAC")[1], it found that Plaintiff failed to plausibly allege Frieze's breach of its obligation to use "commercially reasonable efforts" to provide air conditioning at the 2018 Frieze New York Art Fair ("FNY 2018" or the "Fair") because the pleading lacked information concerning: (1) "what would have constituted a commercially-reasonable air conditioning system under the circumstances"; and (2) how Frieze's "conduct fell short of this objective standard in any particular ways." (ECF 41, at 5.) "Without any such information, plaintiff cannot 'raise a right to relief above the speculative level'" for its breach of contract claim. (*Id*. (citation omitted).)  The Court granted Plaintiff leave to amend because it represented at oral argument that it could allege "specific ways in which [Frieze's] conduct fell short of a commercially reasonability standard." (ECF 41, at 5.)

The Second Amended Complaint still fails to provide this information and should be dismissed with prejudice.  The allegations Plaintiff added do not provide a standard and do not allege any actual conduct of Frieze.  (SAC ¶ 22.)  Instead, Plaintiff offers only generalities about alleged "failures" that it neither ties to a commercially reasonable standard nor to Frieze's actual conduct.

The SAC does not plead "what would have constituted a commercially-reasonable air conditioning system *under the circumstances*" (i.e., an event of limited duration, in temporary

---

[1]  The original Complaint is docket number 3; FAC is docket number 6; and SAC is docket number 42.

structures, under historically variable weather conditions).  Plaintiff generally cites to unspecific "applicable standards," "applicable codes," or "sufficient" actions, but the only specific citation is to a provision of the NYC Construction Code that relates to structures generally and, on its face, does not apply to temporary structures like the tent at FNY 2018.

Plaintiff's new allegations seek to engage in precisely the type of hindsight comparison that the "commercially reasonable" standard explicitly rejects.  *Holland Loader Co., LLC v. FLSmidth A/S*, 313 F. Supp. 3d 447, 472 (S.D.N.Y. 2018) (citation omitted).  Instead of pleading what actions would have been "sufficient" to provide a commercially-reasonable air conditioning system under the circumstances, Plaintiff improperly speculates about actions that "could have been undertaken to produce a better result," (*id.* at 473), such as designing "an air conditioning system that would sufficiently provide cooling for temperatures reaching 93 degrees" (the high temperature at FNY 2018 that Plaintiff pleads in the SAC).  (SAC ¶¶ 19, 22(d).)

The allegations added to the SAC also fail to allege "specific ways in which [Frieze's] conduct fell short of a commercially reasonability standard."  The SAC regurgitates a generic list of air-conditioning terms and purported "failures" relating to permanent HVAC systems, all pleaded in the alternative with "and/or," to purportedly show that Frieze breached its contractual obligations for the temporary structures at the Fair.  (SAC ¶ 22.)  In addition to the inapplicability of these allegations to temporary structures, courts in this District have rejected exactly this form of pleading as "vague and conclusory" – alleging how Frieze may have failed to act, all separated by "and/or," does not plausibly allege that Frieze actually failed to take any of these actions.  *See, e.g. Ortiz v. Allergan, Inc.*, No. 14 Civ. 8188 (PAC), 2015 WL 5178402 (S.D.N.Y. Sept. 4, 2015).  And, each of the potential "failures" Plaintiff added to the SAC are just as "wholly conclusory" as the previously dismissed allegation that Frieze failed to "design, test, and regulate" the HVAC

system at FNY 2018. Plaintiff provides an unspecific and inapplicable laundry list, and, further, it does not allege sufficient facts to make any of the alleged "failures" in Paragraph 22 of the SAC plausible.

The SAC's new allegations are no less conclusory than the allegations this Court already dismissed. Because Plaintiff failed to follow the Court's instructions, no further leave to amend should be granted, and the SAC should be dismissed with prejudice.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Frieze operates the Frieze Art Fair, an international contemporary art fair held in London, New York, and Los Angeles. Frieze New York has taken place in early May each year since 2012 on Randall's Island, where Frieze arranges for temporary structures—a series of tents—to be erected with a leasable common area. (SAC ¶¶ 12-13.) Plaintiff is aware of, and concedes the fact that, these were temporary structures. Thus, any commercially reasonable standard must be for temporary structures, not permanent ones.

Galleries from all over the world have the opportunity to participate in and display their art at Frieze New York, by paying a rental fee for a booth within the temporary structures. (*Id.* ¶ 16.) Frieze New York 2018 spanned five days, from May 2 through 6, 2018.[2] Approximately 190 galleries displayed their art at FNY 2018, including Plaintiff.

The New York City area unexpectedly experienced "record-breaking" temperatures on the first two days of the fair, May 2 and 3. (SAC, ¶ 1.) The temperature on Randall's Island reached 90 degrees on May 2, 93 degrees on May 3, and 84 degrees on May 4, 2018. (*Id.*, ¶ 19.) The

---

[2] The First Amended Complaint incorrectly lists May 5 as the last day of the fair. *Compare* FAC ¶ 11 *with* https://frieze.com/fairs/frieze-new-york/visitor-information.

record-breaking heat for the first two days of the Fair exceeded "[w]eather forecasts prior to the beginning of the Fair," which only called for "temperatures approaching the high 80s." (*Id.*, ¶ 19.)

Plaintiff alleges that the temperature inside the temporary structures on the opening day of FNY 2018 (May 2) started high and continued to rise throughout the day. (SAC, ¶¶ 23-25.) Plaintiff has not alleged any details (in any pleading) about the conditions inside the tent on the second, third, fourth, or fifth days of the fair (May 3 through 6).

Due to the alleged discomfort and disruption caused by the heat, Plaintiff filed this action seeking damages for an alleged breach of contract arising out of Frieze's obligation to use "commercially reasonable efforts" to provide electrical services, including heating and air conditioning:

> **18.   Electrical Services**: Frieze will use commercially reasonable efforts to provide common area lighting, heating, and air conditioning, but shall not be liable for any loss or damage due to failure or interruption of any service.

(ECF 42-1, § 18.)

On February 27, 2020, the Court dismissed Plaintiff's FAC, finding that its allegations that Frieze failed to use commercially reasonable efforts to provide air conditioning failed to state a claim for breach of contract. Notably, the Court found that the following allegations were "wholly conclusory":

> 21. Frieze failed to properly design, test and regulate the ability of the air conditioning system at the Fair to adequately maintain an environment within which to conduct commercial business. . .
>
> [and]
>
> 27. Frieze did not adequately respond to the problems resulting from the high temperatures within the tent and breached its obligation to use commercially reasonable efforts to provide common area air conditioning.

(ECF 41, at 3-4, citing FAC ¶¶ 21, 27.)  Other than these conclusory allegations, which the Court was compelled to disregard, the FAC "allege[d] no facts suggesting that defendant breached its obligation to use commercially reasonable efforts to provide air conditioning." (ECF 41, at 4.)  As the Court correctly noted, the FAC's *only allegations* of what Plaintiff actually observed—that it was hot inside the tent despite the presence of air conditioning, and that the air conditioning system differed from past years—do not imply that Frieze failed to use commercially reasonable efforts. (*Id.* at 5.)

Accordingly, the Court directed Plaintiff to amend its pleading again and specifically address: (1) "what would have constituted a commercially-reasonable air conditioning system under the circumstances"; and, (2) how Frieze's "conduct fell short of this objective standard in any particular ways."  (ECF 41, at 5.)  "Without any such information, plaintiff cannot 'raise a right to relief above the speculative level.'" (*Id.*, quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).)

### III.  ARGUMENT

The Second Amended Complaint fails to address the deficiencies identified by the Court. The SAC does not allege what would have constituted a commercially-reasonable air conditioning system for temporary structures at the Fair, or how "specific ways in which [Frieze's] conduct fell short of [the] commercially reasonability standard."  (ECF 41, at 5.)  Plaintiff only added generalities about alleged, hypothetical "failures" that do not relate to the particular circumstances at the Fair (as described in the SAC itself) or Frieze's actual conduct.

Given the Court's clear instructions in granting leave to replead, and Plaintiff's failure to follow those instructions, the SAC should be dismissed with prejudice.

### A.     Standard of Review

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "provide the grounds upon which [the] claim rests[.]" *ATSI Commc'ns, Inc. v. Shaar Fund Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); see also Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief...."). To meet this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. That tenet, however, "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If a plaintiff fails to allege sufficient facts to "nudge[] [its] claims across the line from conceivable to plausible, [its] complaint must be dismissed." *Id*. at 570.

### B.     The SAC Fails to Allege "What Would Have Constituted a Commercially-Reasonable Air Conditioning System Under the Circumstances"

As this Court recognized, Plaintiff cannot plead a plausible breach of contract claim for an alleged failure to use commercially-reasonable efforts without providing information about "what would have constituted a commercially-reasonable air conditioning system under the circumstances" against which it can compare allegations (if any) of Frieze's actual conduct. Under New York law, allegations that Frieze failed to use commercially reasonable efforts must be evaluated "objectively in light of proven standards." *Holland Loader*, 313 F. Supp. 3d at 473.

Failure to allege "any commercially reasonable step that [the defendant] should have taken" requires dismissal. *See JFK Holding Co. LLC v. City of New York*, 21 N.Y.3d 722, 727, 999 N.E.2d 1161, 1163 (2013) (dismissing complaint as a result of this failure); *see also Furman v. Wells Fargo Home Mortg. Inc.,* 26 Misc. 3d 1241(A), 907 N.Y.S.2d 437 (Sup. Ct. 2010) (dismissing complaint because plaintiff "fails to allege any facts to support her conclusory allegation that [defendant] did not [act] in a commercially reasonable manner.").

The Court also recognized that the "standard for satisfying commercial reasonability under New York law is a fairly-lenient one." (ECF 41, at 4.)  It only requires, "at the very least some conscious exertion to accomplish the agreed goal, but something less than a degree of efforts that jeopardizes one's business interests." *Holland Loader*, 313 F. Supp. 3d at 473.  That is why "[a] court's evaluation of a party's compliance with a 'commercially reasonable efforts' requirement does not involve a hindsight comparison of the party's actual conduct to *that which could have been undertaken to produce a better result*; a court should evaluate only whether the party's actual conduct was sufficient" when judged against objective standards. *Id.*, at 472-73 (emphasis added).

FNY 2018 was an event of limited duration (five days), and set in temporary structures. The timing of FNY 2018, and every Frieze Art Fair in New York that preceded it, makes it subject to historically variable weather conditions and necessitates consideration of both heating and air conditioning, as provided for in the Frieze Terms and Conditions.  The SAC provides no new allegations about these conditions, or what "would have constituted a commercially-reasonable air conditioning system under the circumstances." (ECF 41, at 4 (dismissing FAC for this reason).) Instead, Plaintiff employs an "everything but the kitchen sink" approach, listing 26 new conclusory allegations that appear to be lifted from a generic text book on air conditioning for permanent structures, and without facts to support them.

The allegations of potential "failures" in Paragraph 22 of the SAC do not express or imply any objective standard. None of these allegations suggest that Frieze actually failed to take such actions (as discussed in Section III.C, below), nor do they state that any such actions are required for Frieze's efforts to be considered commercially-reasonable under the circumstances.

Where Plaintiff does mention a "standard," the reference is vague and generally notes "applicable standards" or "applicable codes" that give the Court, or Frieze, no actual information. (*See, e.g.*, SAC ¶ 22(g) (pointing to "applicable codes and/or good engineering practice"); *id.* ¶ 22(h) (same); *id.* ¶ 22(s) ("well established design and good engineering practice"); *id.* ¶ 22(x) ("applicable standards established by the American Society of Heating, Refrigerating and Air Conditioning Engineers (ASHRAE)").) Plaintiff's other allegations speak of undefined "sufficient" levels of equipment, personnel or temperature, but do not define what would be "sufficient" or what was actually observed at the Fair. (*See, e.g.* SAC ¶¶ 22(b), (d), (l), (m), (n), (o), (p), (q), (r), (s), (t), (u), (y), (z) (all referring to unspecified "sufficient" conduct)). These generalities fall short of stating a claim, and require dismissal with prejudice.

The only actual code cited in the SAC, New York City Building Code Chapter 12, governs various aspects of the interior spaces of buildings. *See* New York City Administrative Code, Title 28, Chapter 7, Article 701, Chapter 12, New York City, N.Y., Code § 1201.1. The referenced code does not establish a commercially reasonable standard that could be applicable here for several reasons. First, as set forth in the New York City Construction Code (which governs the administration of and includes the New York City Building Code), temporary structures are not held strictly to all requirements of the code, but only "shall conform to the structural, strength, fire safety, means of egress, accessibility, light, ventilation and sanitary requirements of this code as necessary to ensure the public health, safety and general welfare." New York City Administrative

Code, Title 28, Chapter 1, New York City, N.Y., Code §28-111.2 Conformance.  Second, the Section cited by Plaintiff states that interior spaces of buildings provided with air conditioning shall be capable of maintaining 78°F (26°C) at 50-percent relative humidity when the outdoor air temperature is 89°F (32°C) and the coincident wet bulb temperature is 73°F (23°C).  *See* New York City Administrative Code, Title 28, Chapter 7, Article 701, Chapter 12, New York City, N.Y., Code § 1204.2.³  Yet, Plaintiff concedes that the temperature at FNY 2018 exceeded 89°F (32°C), and pleads nothing about the coincident wet bulb temperature.  (SAC ¶ 19.)  Third, this same section of the Building Code states that it is not required to provide air conditioning *at all* so long as there is "mechanical or natural ventilation in compliance with other subsections of this code." *Id*.

Plaintiff's new allegations amount to the "hindsight comparison" prohibited by New York law.  *See Holland Loader*, 313 F. Supp. 3d at 473.  The SAC improperly asks the Court to evaluate what "could have been undertaken to produce a better result" during the heatwave at FNY 2018. *Id.*  Most evident of this, the SAC alleges that Frieze may have "fail[ed] to design, construct, test, regulate, and/or install an air conditioning system that would sufficiently provide cooling for temperatures reaching 93 degrees." (SAC ¶ 22(d).)  Plaintiff does not allege this action is required by any objective commercially reasonable standard.  (*Id. ¶* 19.)  Similarly, Plaintiff hypothesizes and speculates that installing "floor vents as was done in the past" would have produced a better result. (*Id.* ¶ 22(t).)  But Plaintiff does not, and cannot, plead that floor vents are required commercially-reasonable efforts.  And this Court has already determined that a change in layout

---

³ *See also* NYC Building Code, Chapter 31, governing Special Construction, including temporary structures like the tent at FNY 2018.

-9-

of the Fair does not imply a failure to use commercially-reasonable efforts. This same hindsight problem pervades all of Plaintiff's new and unspecific allegations of actions.

Simply put, the SAC fails to provide the information this Court deemed necessary to evaluate whether Plaintiff had plausibly pled a claim against Frieze for breach of its obligation to use commercially-reasonable efforts. As a result, Plaintiff's breach of contract claim cannot survive a motion to dismiss and should be dismissed with prejudice.

### C. The SAC Fails to Allege How Frieze's Actual "Conduct Fell Short of This Objective Standard in Any Particular Ways"

Assuming *arguendo* that the SAC pled an objective standard against which Frieze's conduct could be judged—and it did not—the SAC's indeterminate and conclusory allegations of alleged "failures" do not assert any actual conduct of Frieze, and fail to satisfy the plausibility standard or notice pleading requirements.

In its attempt to avoid dismissal of the SAC, Plaintiff added 26 conclusory "failures," labeled a-z, concerning the design of permanent air conditioning systems generally, separated by "and/or." (SAC ¶ 22.) Such vague allegations do not specify any "particular ways" in which Frieze allegedly breached its obligation to use commercially reasonable efforts. Further, the use of an "and/or" connector to list multiple possible theories of liability does not "nudge[] [Plaintiff's] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly,* 550 U.S. at 570. For example, in *Ortiz v. Allergan, Inc.*, the plaintiff sued a medical device manufacturer for alleged defects in a breast implant causing injury. 2015 WL 5178402, at *1. The court found that a list of components that may have been defective, and the manner in which they may have malfunctioned, all separated by "and/or," fail to satisfy the plausibility standard of *Twombly* and *Iqbal* because such allegations are "vague and conclusory." *Id.* at *3-4. The "use of 'and/or'" simply suggests the "possibility" of an allegation, not its plausibility. *See*

*AllGood Entmt., Inc. v. Dileo Entmt. and Touring, Inc.*, 726 F. Supp. 2d 307, 316 (S.D.N.Y. 2010). This Court has disapproved of pleadings that "use 'and/or' throughout such that it is difficult to divine precisely what did or did not occur." *Id.*, at 311, n.3. Plaintiff's SAC presents the same difficulty, and therefore fails to raise a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff's indeterminate pleading of various theories of liability also runs afoul of Federal Rule of Civil Procedure 8(a), leaving Frieze to guess against which of the alleged failures it must actually defend, and how. These allegations are not based on any pre-suit investigation or on Plaintiff's observations of Frieze's actions or the actual conditions at the Fair – if they were, they would have been pled in either the original Complaint or the FAC. "Although Fed.R.Civ.P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation omitted); *see also Whyte v. Contemporary Guidance Servs., Inc.,* No. 03 CV 5544, 2004 WL 14975560, at *3 (S.D.N.Y. July 2, 2004) (granting motion to dismiss on the grounds that it did not provide defendant with the "requisite fair notice of what the claims are and what acts form the basis of the individual claims."). Frieze should not be required to investigate and defend against unspecific allegations that are inapplicable, have no factual support, and may or may not have occurred.

Moreover, the examples of potential "failures" Plaintiff added to the SAC are no less conclusory than the allegations this Court previously dismissed. None of them point to how Frieze allegedly violated a commercially-reasonable standard in any particular way. And, without factual support, allegations that Frieze failed to use a sufficiently qualified HVAC contractor or personnel,

-11-

(SAC ¶¶ 22(a), (u)), failed to sufficiently supervise or provide that contractor with necessary documentation (*Id.* ¶ 22(b)), failed to take into consideration the known weather forecast (while acknowledging that temperatures exceeded forecasts) (*id.* ¶¶ 18, 22(c)), "and/or" failed to properly construct the tent, (*id.* ¶ 22(v)), cannot raise a reasonable inference that the allegations actually occurred.

The same is true of all other examples in Paragraph 22. For instance, most of Paragraph 22 consists of bare allegations of failures in the design to take into account vaguely defined conditions and loads (*id.* ¶¶ 22(e), (f), (g), (h), (i), (j), (k), (s)), or generic failure of the design to provide "sufficient" equipment (*id.* ¶¶ 22(l), (m), (n), (o), (p), (q), (r)). Plaintiff also includes conclusory allegations about items this Court has already found do not imply any failure to use commercially-reasonable efforts: changes in the layout of the fair, and the fact it was hot inside the tent during record-breaking temperatures. (*Id.* ¶¶ 22(d)) (alleging that Frieze failed to provide an air conditioning system "that would sufficiently provide cooling for temperatures reaching 93 degrees"), 22(t) (alleging that Frieze failed to install floor vents). As acknowledged at oral argument, Plaintiff's allegation about Frieze's efforts during the Fair are irrelevant to its commercially reasonable efforts to provide air conditioning. (*See, e.g. id.* ¶ 22(z)) (alleging that Frieze "fail[ed] to sufficiently supplement the air conditioning system *during the event* with commercial portable air conditioners when it became evident the system, as designed, was incapable of adequately cooling the space") (emphasis added).

Plaintiff's scattershot, general "examples" of potential failures that may or may not have occurred are wholly conclusory and do not raise any reasonable inference that Frieze breached its contractual obligation. Contrary to the Court's instruction when it dismissed the FAC, the SAC

fails to add a single allegation regarding how Frieze's conduct "fell short of th[e] objective [commercially reasonable] standard in any particular way." (ECF 41, at 4.)

## IV.  CONCLUSION

As set forth above, Plaintiff still has not pled "any information about what would have constituted a commercially-reasonable air conditioning system under the circumstances, nor does it allege that defendant's conduct fell short of this objective standard in any particular ways. Without any such information, plaintiff cannot 'raise a right to relief above the speculative level.'" (ECF 41, at 5, citing *Twombly*, 550 U.S. at 555.)  Accordingly, Plaintiff's Second Amended Complaint, already having the opportunity to address these identified deficiencies, should be dismissed with prejudice.

Dated: New York, New York
       March 19, 2020                           KELLEY DRYE & WARREN LLP

                                                By:   */s/ Michael C. Lynch*
                                                      Michael C. Lynch
                                                      James B. Saylor
                                                      KELLEY DRYE & WARREN LLP
                                                      101 Park Avenue
                                                      New York, NY 10178
                                                      (212) 808-7800 (p)
                                                      (212) 808-7897 (f)
                                                      mlynch@kelleydrye.com
                                                      jsaylor@kelleydrye.com

                                                      *Attorneys for Defendant Frieze Events, Inc.*