```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
SHANE CAMPBELL GALLERY, INC.        :
                                    :
     Plaintiff,                     :    18-cv-5134 (JSR)
                                    :
        -v-                         :
                                    :    MEMORANDUM ORDER
FRIEZE EVENTS, INC.                 :
                                    :
     Defendant.                     :
                                    :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

This Opinion explains the Court's April 28, 2020 decision to grant defendant Frieze Events Inc.'s motion to dismiss the plaintiff's second amended complaint with prejudice. See Order, ECF No. 48.

Familiarity with the facts of the case is here assumed. In short, plaintiff Shane Campbell Gallery, Inc. brought suit against defendant for breach of contract, alleging that Frieze breached its obligation to use "commercially reasonable efforts" to provide air conditioning inside the tents at the 2018 Frieze Art Fair on Randall's Island, New York. First Am. Compl. ¶ 1, ECF No. 6 (June 15, 2018); see Contract ¶ 18, Ex. A to Compl., ECF No. 6-1. Defendant Frieze moved to dismiss the first amended complaint under Fed. R. Civ. P. 12(b)(6), arguing, among other grounds, that the complaint failed to allege sufficient facts to raise a plausible inference that the defendant acted in a

commercially unreasonable manner. Mem. of Law in Supp. of Deft.'s Mot. to Dismiss at 12-14, ECF No. 33 (Nov. 14, 2018).

On February 19, 2020, the case was reassigned to this Court. On February 27, the Court granted defendant's motion on the ground described above,[1] but without prejudice to plaintiff amending the complaint to add additional allegations that would "nudge[] [its] claims across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see Opinion and Order, ECF No. 41 (hereinafter "Opinion and Order"). On March 5, plaintiff filed a second amended complaint, and defendant promptly renewed its motion to dismiss. Second Am. Compl., ECF No. 42 (Mar. 5, 2020); Deft.'s Mot. to Dismiss Second Am. Compl., ECF No. 43 (Mar. 19, 2020).

The Court now grants defendant's second motion to dismiss because the second amended complaint does not cure the deficiencies in the first amended complaint that the Court identified in its February 27 Opinion and Order. As the Court explained there, the "evaluation of a party's compliance with a 'commercially reasonable efforts' requirement does not involve a hindsight comparison of the party's actual conduct to that which

---

[1] The Court denied defendant's motion to the extent it was predicated on other grounds that would have required dismissal with prejudice, including the argument that the contract disclaimed liability for any losses related to weather conditions. See Contract ¶ 13.

could have been undertaken to produce a better result; a court should evaluate only whether the party's actual conduct was sufficient." Holland Loader Co., LLC v. FLSmidth A/S, 313 F. Supp. 3d 447, 472-73 (S.D.N.Y. 2018); Opinion and Order at 4. Accordingly, under New York law, a complaint alleging breach of a commercially reasonable efforts provision must set forth an objective standard of reasonability and must plead specific ways in which the defendant's conduct fall short of that mark. See Holland Loader, 313 F. Supp. 3d at 472 ("When the term 'commercially reasonable efforts' is not defined by the contract, courts in this district require the party seeking to enforce the efforts provision to establish the objective standard by which the breaching party's efforts are to be judged, in the context of the particular industry."); Opinion and Order at 4-5. The factual allegations in the first amended complaint — "that it was exceedingly hot inside the tent despite the presence of air conditioning vents, and that the air conditioning system differed from that of previous years," Opinion and Order at 4 — fulfilled neither of these requirements.

The second amended complaint similarly falls short. This complaint differs materially from the first only in what is now paragraph 22. But nothing in paragraph establishes or even implies an industry-specific objective standard of commercial

3

reasonability. Of the twenty-six subparagraphs incorporated within paragraph 22, just two mention potential standards, but neither of those is sufficient.

First, subparagraph 22(w) alleges that Frieze failed to comply with New York City Building Code section 1204.2, which provides that air-conditioned indoor spaces should be maintained at seventy-eight degrees Fahrenheit when the outdoor temperature is as high as eighty-nine degrees with fifty-percent relative humidity. But this code provision applies to permanent buildings, not temporary structures like tents,[2] and it stands to reason that the objective standard for such structures would be lower than that for buildings. The temperature on the days in question, moreover, is alleged to have been higher than eighty-nine degrees. Second Am. Compl. ¶ 19.

Second, subparagraph 22(x) alleges that Frieze failed to comply with "applicable standards established by the American Society of Heating, Refrigerating, and Air Conditioning Engineers (ASHRAE), or other standards of good engineering practice," but the complaint does not cite to any particular

---

[2] Section 1201.1, entitled "Scope," states that "[t]he provisions of this chapter shall govern ventilation [and] temperature control . . . associated with the interior spaces of buildings" (emphasis added). Moreover, as Frieze points out, a separate portion of the New York City Building Code, chapter 31, governs temporary structures, including tents. Mem. of Law in Supp. of Deft.'s Mot. to Dismiss Second Am. Compl. at 9 n.3, ECF No. 44 (Mar. 19, 2020).

such standard, nor does it explain the contents of any. The Court, accordingly, finds that plaintiff has not plausibly alleged defendant to have violated any of the ASHRAE standards.

It must be added that even if plaintiff were to have established an objective standard of commercial reasonability for the air conditioning of a temporary tent, the complaint further fails in that it does not establish any particular way in which Frieze's conduct fell short. The other twenty-four subparagraphs under paragraph 22 offer nothing more than a generic, jargon-laden laundry list of air conditioning failures, all, it is worth noting, connected by the conjunction "and/or," which at least one other Court in this District has found to detract from the plausibility of a complaint. See AllGood Entm't, Inc. v. Dileo Entm't and Touring, Inc., 726 F. Supp. 2d 307, 316-17 (S.D.N.Y. 2010). By pleading twenty-four alternative theories of breach, all lacking even a scintilla of specificity or corroborating detail, the complaint fails its most basic obligation to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

For these reasons, even accepting plaintiff's factual allegations as true, the complaint does not "contain sufficient factual mater . . . to 'state a claim to relief that is

5

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). Frieze's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is accordingly granted. Moreover, because the Court has already granted plaintiff an opportunity to amend the complaint, the Court is convinced that any further opportunity would be fruitless, and that the complaint should therefore be dismissed with prejudice. See Liner v. Goord, 115 F. Supp. 2d 432, 434 (S.D.N.Y. 2000) ("When a plaintiff does not correct the defects in an initial pleading through the filing of a more detailed amended complaint, the amended complaint may be dismissed with prejudice.").

   The Clerk of the Court is therefore directed to close the case and enter final judgment in favor of defendant.

   SO ORDERED

Dated:   New York, NY

     May 11, 2020

_____
United States District Judge

6